IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
IN RE:                              :
                                    :
                                    :
EBC I, INC., f/k/a ETOYS,           :   Bankr. Case No. 01-706
INC., et al.,                       :   Adv. No. 03-50003 (MFW)
                                    :
        Reorganized Debtors.        :
_____:_____
                                    :
EBC I, INC., f/k/a ETOYS,           :
INC.,                               :
                                    :
        Appellant,                  :
                                    :
    v.                              :   Civil Action No. 08-100-JJF
                                    :
AMERICA ONLINE, INC.                :
(now named AOL LLC),                :
                                    :
        Appellee.                   :
```

Richard D. Allen, Esquire; Gregory W. Werkheiser, Esquire and Thomas W. Briggs, Jr., Esquire of MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, Delaware.

Attorneys for Appellant.

Craig Goldblatt, Esquire and Lisa Ewart, Esquire of WILMER CUTLER PICKERING HALE AND DORR LLP, Washington, D.C.
Karen C. Bifferato, Esquire and Marc J. Phillips, Esquire of CONNOLLY BOVE LODGE & HUTZ LLP, Wilmington, Delaware.
Attorneys for Appellee.

**MEMORANDUM OPINION**

January 29, 2009
Wilmington, Delaware

**Farnan, District Judge**

  Pending before the Court is an appeal by EBC I, Inc., f/k/a eToys, Inc. ("eToys") from the January 10, 2008 Order and related written decisions of the Bankruptcy Court granting judgment in favor of America Online, Inc. ("America Online"). For the reasons discussed, the Court will affirm the Bankruptcy Court's Order.

**I. THE PARTIES' CONTENTIONS**

  This dispute arises in connection with an adversary proceeding initiated by eToys against America Online in connection with the February 2001 termination of the Interactive Marketing Agreement (the "Agreement") between eToys and America Online, in which America Online agreed to provide three years of specified impressions as advertisements on its website in exchange for 12 quarterly payments of $1.5 million by eToys for a total of $18 million. The Agreement was subsequently amended to reduce the number of impressions required to be provided by America Online and to reduce the payment obligation of eToys to $8.25 million. Upon learning of eToys insolvency, America Online terminated the Agreement without repaying to eToys the sums it had paid in advance. Overall, America Online delivered only 25% of the impressions it was obligated to deliver to eToys at the time of termination.

  On summary judgment, the Bankruptcy Court concluded that America Online's termination of the contract "resulted in a

transfer of property of [eToys], namely the advertising services for which [eToys] had pre-paid," under Section 548 of the Bankruptcy Code. In re EBC I, Inc., 356 B.R. 631, 637 (Bankr. D. Del. Dec. 7, 2006). In a subsequent decision, including separately issued findings of fact and conclusions of law, as well as an Opinion, the Bankruptcy Court concluded that (1) the Agreement, as amended, had no value to eToys because, as of the termination date, eToys was no longer operating; (2) the Agreement was an unassignable contract; and (3) even if the Agreement was assignable, any value to eToys from the assignment was de minimis.

By its appeal, eToys contends that the Bankruptcy Court failed to apply the totality of the circumstances test in erroneously concluding that the Agreement had no value to eToys. Further, eToys contends that the Bankruptcy Court improperly valued the Agreement, rather than the advertising services for which eToys had prepaid. In turn, eToys contends that this error led the Bankruptcy Court to fail to consider in its valuation analysis America Online's ability to resell the advertising services. Based on the totality of the circumstances, eToys contends that the value of the advertising services transferred to America Online was approximately $4.5 million.

In addition, eToys contends that the Bankruptcy Court erred in concluding that the Agreement was not assignable.

2

Specifically, eToys contends that the Bankruptcy Court erred in concluding that the agreement was an executory contract because eToys fully performed all of its material obligations under the Agreement at the termination date. Further, e-Toys points out that the express terms of the Agreement provide for its assignability.

In response, America Online contends that the Bankruptcy Court correctly concluded, in light of eToys total cessation of business, that the delivery of impressions and other ads for eToys' website as provided for in the Agreement had no value to eToys. America Online points out that the burden of proof on valuation rested with eToys, and the Bankruptcy Court correctly found that eToys had not offered any evidence of a subsequent sale by America Online of the advertising services or the value America Online received. America Online also contends that the Bankruptcy Court correctly concluded that the Agreement was executory, because eToys had several material obligations remaining under the contract, including the obligation to: (1) remain solvent and in operation, (2) derive at least 50% of its net website sales from children's toys, hobbies, arts and crafts, video games and software, and (3) maintain certain characteristics of its website, including that it be ranked among the top three interactive websites in the toy industry in certain categories. America Online also contends that the Bankruptcy

3

Court properly found under Virginia law that the identity of the contracting parties was material to the performance of the contract, and therefore, the contract was not assignable. In the alternative, even if the contract was assignable, America Online contends that the Bankruptcy Court correctly concluded that the contract had de minimis value.

## II.  STANDARD OF REVIEW

The Court has jurisdiction to hear an appeal from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, the Court applies a clearly erroneous standard to the Bankruptcy Court's findings of fact and a plenary standard to its legal conclusions. See Am. Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80 (3d Cir. 1999). With mixed questions of law and fact, the Court must accept the Bankruptcy Court's finding of "historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the trial court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" Mellon Bank, N.A. v. Metro Communications, Inc., 945 F.2d 635, 642 (3d Cir. 1991) (citing Universal Mineral, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 101-02 (3d Cir. 1981)). The appellate responsibilities of the Court are further understood by the jurisdiction exercised by the Third Circuit, which focuses and reviews the Bankruptcy Court decision on a de novo basis in the

first instance. <u>In re Telegroup</u>, 281 F.3d 133, 136 (3d Cir. 2002).

### III. DISCUSSION

Reviewing the findings of fact and conclusions of law rendered by the Bankruptcy Court in its written decisions in this matter, the Court concludes that the Bankruptcy Court did not err in concluding that eToys is not entitled to recovery in this case. (D.I. 10 at A1-A29, A30-A66). It is apparent to the Court based on the Bankruptcy Court's analysis that it applied the correct totality of the circumstances approach to the valuation question at issue. Applying this test, which included among other things consideration of eToys' insolvency and the failure of eToys to introduce evidence of a subsequent sale of the impressions by America Online, the Court further concludes that the Bankruptcy Court correctly determined that the Agreement providing for the delivery of impressions and other ads for eToys' website had no value to eToys.

In addition, the Court finds no error in the Bankruptcy Court's conclusion that the Agreement was executory under Section 365 of the Bankruptcy Code and non-assignable under Virginia law as an agreement founded on a relationship of personal trust and confidence. The Bankruptcy Court considered and rejected the arguments eToys raises here in support of its appeal, and for the reasons discussed by the Bankruptcy Court in its detailed and

5

well reasoned decisions accompanying its January 10, 2008 Order, the Court will affirm the Bankruptcy Court's Order entering judgment in favor of America Online.

## IV. CONCLUSION

For the reasons discussed, the Court will affirm the Bankruptcy Court's January 10, 2008 Order entering judgment in favor of America Online.

An appropriate Order will be entered.